CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 19 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:04CR00025-004 |
| | (Case No. 5:09CV80130) |
| v. | |
| | **MEMORANDUM OPINION** |
| MARIO ALBERTO GARCIA HOLGUIN, | |
| | By: Glen E. Conrad |
| Defendant. | United States District Judge |

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. Upon review of the record, the court finds that the motion is untimely and will accordingly dismiss it.

## Background

A grand jury in Harrisonburg, Virginia returned a two-count indictment against Mario Alberto Garcia Holguin and others on December 22, 2004. Holguin pleaded guilty without a written plea agreement on May 6, 2005, before the United States Magistrate Judge to conspiracy to distribute crack cocaine (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Two). The Magistrate Judge issued a Report and Recommendation finding that Holguin's guilty plea was valid. There being no objections, the district court adopted the Report and accepted the guilty plea by order entered June 3, 2005. On August 10, 2005, the court sentenced Holguin to 168 months on the conspiracy offense and to 60 months on the firearm offense, consecutive, for a total sentence of 228 months imprisonment.[1] No appeal was filed.

---

[1] In March 2008, the court reduced Holguin's conspiracy sentence from 168 months to 135 months imprisonment, pursuant to 18 U.S.C. § 3582 and the 2007 amendments to the crack cocaine sentencing

The present motion under § 2255 was signed by the defendant on February 5, 2009. In the § 2255 motion, Holguin alleges the following grounds for relief:

1. The defendant asked counsel to appeal his convictions, and counsel said that he would do so, but failed to file a notice of appeal or contact the defendant after sentencing.

2. The conviction for conspiracy to distribute crack cocaine is invalid because the government's evidence shows only that the defendant distributed cocaine powder to other members of the conspiracy; the defendant is actually innocent of this offense.

3. The conviction for possession of a firearm is invalid because the government's evidence did not indicate that the defendant carried his firearm at any time while trafficking in crack cocaine.

4. Counsel provided ineffective assistance in (a) failing to object to the Magistrate Judge's Report and Recommendation regarding the defendant's guilty plea; and (b) failing to object when the government did not present evidence of the defendant's involvement with crack cocaine in support of Counts One and Two.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

guideline.

28 U.S.C.A. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Holguin's § 2255 motion is untimely filed pursuant to § 2255(f)(1), based on when his conviction became final. A defendant's conviction becomes final (a) when the defendant's opportunity to appeal the district court's judgment expires, (b) when the defendant's opportunity to file a petition for a writ of certiorari expires or (c) when the United States Supreme Court denies the inmate's petition for a writ of certiorari. Clay v. United States, 537 U.S. 522, 525 (2003). Judgment was entered against Holguin on August 12, 2005. When no notice of appeal was filed within ten business days of that date as required under Fed. R. App. P. 4(b)(1)(A)(i), the conviction became final on August 26, 2005. Even considering Holguin's § 2255 motion to be filed on the day that he signed and dated it, February 5, 2009, it was not filed within one year of the date on which the conviction became final and so is untimely under § 2255(f)(1). See Houston v. Lack, 487 U.S. 266, 276 (1988) (finding that prisoner's notice of appeal from denial of habeas relief was filed when he delivered it to prison authorities for mailing to the court). Holguin does not allege any facts on which his filing period might be calculated under § 2255(f)(2) or (3), as he does not allege claims reliant on changes in law or on proof of government impediment.

Holguin does argue that his filing period should be calculated under § 2255(f)(4), based on the date when he allegedly first learned that his attorney had not filed a notice of appeal on his behalf as he had requested. Holguin alleges the following sequence of events on which he bases this assertion. At some point, Holguin told counsel that he wanted to appeal, and counsel said he would

- 3 -

handle an appeal. However, on the day of sentencing, he "lost track" of counsel. He and his sister tried to contact the attorney, who never answered their telephone messages or letters. Years passed.

In March 2008, when Holguin received a sentence reduction under the amendments to the crack cocaine sentencing guideline, he believed the reduction was a result of the direct appeal that he had asked his attorney to file. In September 2008, another inmate looked at the order reducing Holguin's sentence and informed him that the reduction was unrelated to any appeal. Holguin wrote to his attorney in October 2008 and requested copies of some legal documents from his case and was surprised when he received the material from the attorney, including his guilty plea "transcript," on October 26, 2008.[2] Holguin then wrote to counsel and asked about the status of his direct appeal, but counsel did not respond to this second letter. In December 2008, Holguin asked an inmate law library clerk how he could find out the status of his appeal. At the inmate's direction, he then wrote to the court clerk's office and requested a copy of his docket sheet. Only after he received the docket sheet on December 18, 2008, did he discover that counsel had not filed a notice of appeal in his case.

In part, Holguin blames his delay in discovering the facts in support of his § 2255 claims on his limited ability to speak and understand the English language. Holguin states that he was born and raised in the Republic of Mexico, speaking Spanish. He completed the 7th grade in Mexico. He claims to speak and understand "45% of his learned Street Slum English." In December 2008, another inmate translated the "transcript" of Holguin's guilty plea hearing from English to Spanish. Only then did Holguin discover that he had pleaded guilty to participation in a conspiracy to distribute 1.5 kilograms or more of crack cocaine and that the government had not presented

---

[2] Holguin claims that he received a copy of the transcript of the guilty plea hearing, but the court's record indicates that no transcript of this hearing has ever been filed. Holguin may be referring to the Report and Recommendation of the Magistrate Judge about that hearing.

- 4 -

evidence that Holguin trafficked in crack cocaine or possessed a firearm in connection with trafficking in that substance. Because no English-Spanish translator was present during the plea hearing, Holguin claims he did not know what the government's evidence was until reviewing the translated transcript in late 2008. He claims that he told counsel he only sold cocaine powder to other members of the conspiracy, and the government's evidence supports this assertion.

The court cannot find that Holguin has alleged facts on which he is entitled to have his habeas filing period calculated under § 2255(f)(4), based on newly discovered facts. Under this section, the filing period begins running on the date when facts necessary for the defendant's § 2255 claims "could have been discovered through the exercise of due diligence." The court simply cannot find that Holguin acted with due diligence regarding his intended appeal. When Holguin could not contact his attorney about the appeal, he immediately should have sought out other avenues by which to discover whether an appeal had been filed. Despite his limited English abilities, he was able to write letters and make telephone calls to counsel. He fails to demonstrate any reason why he did not write to or telephone the District Court or the Court of Appeals to ask about the status of his direct appeal. While it is difficult to pin point exactly when a person acting with due diligence would have taken additional steps to find out whether or not his attorney had filed an appeal, the court is satisfied that Holguin's delay of more than three years in making this discovery falls well past that point and cannot be deemed "due diligence" in investigating his claims as required under § 2255(f)(4).

Holguin also argues that he could not have discovered his remaining ineffective assistance claims before he received his guilty plea transcript and learned from its translation into Spanish that the government's evidence did not support his guilty plea. The court finds this argument under § 2255(f)(4) to be unavailing for two reasons. First, Holguin does not indicate that he wrote to

- 5 -

counsel seeking documents from his case until September 2008, again more than three years after sentencing. He could have obtained a copy of the Magistrate Judge's Report from the court, had he taken the logical, additional steps that a reasonably diligent person would take if concerned about whether or not an appeal had been filed on his behalf. Instead, Holguin sat on his rights and cannot now claim that he acted with due diligence to discover the facts necessary to his § 2255 claims.

Second, the record directly contradicts Holguin's claims that he did not know what evidence the government presented in support of the guilty plea because of his problems understanding English. The Report of the Magistrate Judge indicates that the grand jury made specific findings in Holguin's case that it was reasonably foreseeable to him (a) that members of the criminal conspiracy in which he was participating distributed or possessed with intent to distribute more than 1.5 kilograms of substances containing crack cocaine and (b) that he possessed firearms as a reasonably foreseeable consequence of the conspiracy. (R&R, 1-2). According to the Report, under oath during the plea hearing, Holguin stated that he understood and spoke English, but simply could not write in English, and that he understood the charges against him. (R&R, 2). Holguin waived his right to have the government's factual summary read in open court during the plea hearing. (Rep., 3). However, the Magistrate Judge included the factual summary of the evidence in the Report, (Rep., 4-7), and the record indicates that Holguin filed no objection to the Report, although notified of his opportunity to do so, before the undersigned adopted the Report and accepted Holguin's guilty plea. Holguin fails to provide any evidence as to why his statements under oath during the plea hearing should not be binding on him and preclude him from bringing claims under § 2255 that rely on statements directly contrary to those statements he made under oath. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of

sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Finally, Holguin fails to demonstrate any ground on which the limitation period should be tolled in his case. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a defendant seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. The court does not find any extraordinary circumstances in this record that prevented Holguin from bringing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy does not toll limitations period).

## Conclusion

The court finds that Holguin's § 2255 motion is untimely filed under § 2255(f)(1) and that he fails to present any facts on which he could be entitled to have his limitation period calculated instead under § 2255(f)(4). He also presents no ground on which he is entitled to equitable tolling. Accordingly, the court will dismiss the § 2255 motion. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion to plaintiff.

ENTER: This 19th day of March, 2009.

                                          /s/ Glen E. Conrad
                                          United States District Judge